```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
                          MIAMI DIVISION
                    CASE NO. 21-cr-20242-CMA


  UNITED STATES OF AMERICA,          Miami, Florida

          Plaintiff,                 May 3, 2021

     vs.                             11:34 a.m. to 11:51 a.m.

  JONATHAN DAVID GRENON,             Courtroom 12-2

          Defendant.                 (Pages 1 to 15)
  _____

                   FARETTA/PRO SE STATUS HEARING
            BEFORE THE HONORABLE CECILIA M. ALTONAGA,
                  UNITED STATES DISTRICT JUDGE

  APPEARANCES:

  FOR THE GOVERNMENT:     MICHAEL HOMER, ESQ.
                          JOHN SHIPLEY, ESQ.
                          Assistant United States Attorney
                          99 Northeast Fourth Street
                          Miami, FL  33132-2131
                          (305) 961-9000
                          michael.homer@usdoj.gov
                          john.shipley@usdoj.gov

  FOR THE DEFENDANT:      JONATHAN DAVID GRENON, Pro Se

                          ASHLEY KAY, ESQ. (Standby Counsel)
                          Assistant Federal Public Defender
                          150 West Flagler Street
                          Miami, FL 33130-1536
                          (305) 533-4236
                          ashley_kay@fd.org

  REPORTED BY:            STEPHANIE A. McCARN, RPR
                          Official Court Reporter
                          400 North Miami Avenue
                          12th Floor
                          Miami, Florida 33128
                          (305) 523-5518
                          Stephanie_McCarn@flsd.uscourts.gov
```

```
 1                            I N D E X

 2                            WITNESSES

 3

 4   WITNESSES FOR THE GOVERNMENT:                          Page
                                                             --
 5

 6

 7   WITNESSES FOR THE DEFENDANT:                           Page
                                                             --
 8

 9

10   EXHIBITS IN EVIDENCE                     IDENTIFIED   ADMITTED
                                                  --          --
11

12

13

14                         MISCELLANEOUS

15                                                          Page
     Proceedings......................................         3
16   Court Reporter's Certificate......................        15

17

18

19

20

21

22

23

24

25
```

```
 1            (The following proceedings were held at 11:34 a.m.)
 2              COURT SECURITY OFFICER:  All rise.
 3              THE COURT:  Good morning.  Please be seated.
 4              In United States v. Jonathan David Grenon -- is it
 5     Grenon or Grenon?
 6              All right.  Good morning.
 7              Counsel, please state your appearances.
 8              MR. HOMER:  Good morning, Your Honor.  Michael Homer
 9     and John Shipley for the United States.
10              MR. SHIPLEY:  Good morning, Your Honor.
11              THE COURT:  Good morning.
12              MS. KAY:  Good morning, Your Honor, Ashley Kay on
13     behalf of the Office of the Federal Public Defender.
14              THE COURT:  Good morning, Ms. Kay.  Nice to see you.
15              MS. KAY:  Good morning, Judge.  Same here.
16              THE COURT:  And is it Mr. Grenon or Grenon?
17              THE DEFENDANT:  I am Jonathan David of the Grenon
18     family.
19              THE COURT:  Grenon.
20              THE DEFENDANT:  Here by special appearance.
21              THE COURT:  Thank you.  Please be seated, Mr. Grenon.
22              So, Mr. Grenon, I believe -- the Defendant was
23     arraigned last week; is that correct?
24              MR. HOMER:  Yes, Your Honor, that's correct.
25              THE COURT:  Mr. Grenon, you've received a copy of the
```

```
 1   indictment; is that right?
 2           THE DEFENDANT:  My brother did.
 3           THE COURT:  Would you like a copy of the indictment?
 4           THE DEFENDANT:  No, ma'am.
 5           THE COURT:  All right.
 6           THE DEFENDANT:  No, Your Honor.
 7           THE COURT:  And which brother did you reference
 8   earlier?
 9           THE DEFENDANT:  Jordan Paul of the Grenon family.
10           THE COURT:  Jordan.  All right.
11           So the indictment contains several charges.  The first
12   one is a charge of conspiracy to defraud and commit offenses
13   against the United States charged under 18 U.S. Code,
14   Section 371.  Count 2 charges criminal contempt in violation of
15   18 U.S. Code, Section 4013, in violating a temporary
16   restraining order.  Count 3 charges the same except in
17   violation of the preliminary injunction order.
18           So there are a total of three crimes charged in the
19   indictment, Mr. Grenon.
20           I would ask the prosecutor, Mr. Homer, can you advise
21   the Defendant of what his maximum possible sentence may be as
22   to each count of the indictment?
23           MR. HOMER:  Yes, Your Honor.
24           With respect to Count 1, the conspiracy count, the
25   statutory maximum term of imprisonment is five years.  With
```

1  respect to the Counts 2 and 3, criminal contempt, the statutory
2  maximum is life imprisonment.
3          THE COURT:  Thank you.
4          So, Mr. Grenon, I brought you here this morning to
5  inquire about your wishes with respect to having an attorney
6  represent you in this case, and that's why Ms. Kay is seated to
7  your right.  I appointed the Office of the Public Defender as
8  standby counsel to assist you because it is my understanding
9  that you do not wish to have counsel representing you in this
10 case.
11         So I need to ask you a number of questions to
12 determine whether that is your wish and if you are making that
13 request voluntarily and intelligently.
14         That's the purpose for this morning's hearing.
15         Your answers to my questions need to be given to me
16 under oath.  So I would ask you to raise your right hand.
17    (The Defendant was sworn.)
18         THE DEFENDANT:  I do.
19         THE COURT:  Mr. Grenon, how old are you?
20         THE DEFENDANT:  I'm 35.
21         THE COURT:  How far did you go in school?
22         THE DEFENDANT:  I finished high school and received a
23 diploma and did one semester in college.
24         THE COURT:  Have you ever been treated for a mental
25 illness or for an addiction to narcotic drugs?

```
 1                THE DEFENDANT:  I have not.
 2                THE COURT:  Have you taken any drugs or alcohol in the
 3   last 48 hours?
 4                THE DEFENDANT:  No, Your Honor.
 5                THE COURT:  Do you believe that you have any mental or
 6   physical condition or illness that prevents you from
 7   understanding the questions that I'm asking you this morning?
 8                THE DEFENDANT:  No, Your Honor.
 9                THE COURT:  Do you understand, Mr. Grenon, that you
10   have the constitutional right to be represented by an attorney
11   at every stage of this criminal case that has been brought
12   against you?
13                THE DEFENDANT:  I do.
14                THE COURT:  Do you understand that if you cannot
15   afford an attorney, the Court appoints one for you at no cost
16   to you?
17                THE DEFENDANT:  I do understand.
18                THE COURT:  Do you understand the three charges that
19   have been brought against you in the indictment that I
20   summarized earlier?
21                THE DEFENDANT:  I declare I'm innocent.
22                THE COURT:  My question is:  Do you understand the
23   charges?
24                THE DEFENDANT:  I do.
25                THE COURT:  Do you understand the maximum possible
```

```
 1  sentence that you can receive if you are found guilty?
 2          THE DEFENDANT:  I do.
 3          THE COURT:  Are you able to afford a privately
 4  retained attorney, Mr. Grenon?
 5          THE DEFENDANT:  I choose not to.
 6          THE COURT:  Is it your wish to represent yourself in
 7  this case?
 8          THE DEFENDANT:  Yes.
 9          THE COURT:  Is it your wish to forego the services of
10  a Court-appointed attorney to represent you and assist you in
11  defending you against these charges?
12          THE DEFENDANT:  I refuse.
13          THE COURT:  Have you ever studied the law, Mr. Grenon?
14          THE DEFENDANT:  The law comes from the Bible, and I
15  studied that since my youth; therefore, I am competent in the
16  law.
17          THE COURT:  Besides studying the Bible, have you
18  studied any other books that pertain to the laws of this
19  country?
20          THE DEFENDANT:  I have studied the books of the
21  constitution.
22          THE COURT:  Have you ever represented yourself in a
23  criminal case?
24          THE DEFENDANT:  I have not had to.
25          THE COURT:  Do you understand that if you are found
```

```
 1   guilty of these charges, I can order that your sentences run
 2   consecutively, that is one after the other after the other?
 3           THE DEFENDANT:  I will remain silent on that question.
 4           THE COURT:  Do you understand that there are advisory
 5   sentencing guidelines that may have an effect on your sentence
 6   if you are found guilty?
 7           THE DEFENDANT:  I will remain silent on that question
 8   also.
 9           THE COURT:  Do you understand that if you represent
10   yourself, Mr. Grenon, you are on your own.  I cannot tell you
11   or even advise you how you should defend yourself or try your
12   case?
13           THE DEFENDANT:  I do understand.
14           THE COURT:  Are you familiar with the Federal Rules of
15   Evidence?
16           THE DEFENDANT:  I remain silent on that.
17           THE COURT:  Do you understand that the rules of
18   evidence govern what evidence may or may not be introduced at
19   trial, that in representing yourself, you must abide by those
20   very technical rules, and that they will not be relaxed for
21   your benefit?
22           THE DEFENDANT:  I will remain silent.
23           THE COURT:  Are you familiar with the Federal Rules of
24   Criminal Procedure?
25           THE DEFENDANT:  I remain silent on that question.
```

```
 1              THE COURT:  Do you understand that the Federal Rules
 2   of Criminal Procedure govern the way a criminal action is tried
 3   in federal court, that you are bound by those rules, and that
 4   they will not be relaxed for your benefit?
 5              THE DEFENDANT:  I will remain silent on that question.
 6              THE COURT:  Do you know how to conduct a voir dire
 7   examination of prospective jurors?
 8              THE DEFENDANT:  I remain silent.
 9              THE COURT:  Do you understand the grounds for excusing
10   a juror for cause?
11              THE DEFENDANT:  I remain silent on that.
12              THE COURT:  Do you know the definition of hearsay?
13              THE DEFENDANT:  I do.
14              THE COURT:  What is the definition of hearsay?
15              THE DEFENDANT:  I remain silent on that.
16              THE COURT:  Do you know the exceptions to the hearsay
17   rule?
18              THE DEFENDANT:  I will remain silent.
19              THE COURT:  And do you know the best evidence rule?
20              THE DEFENDANT:  I remain silent.
21              THE COURT:  Do you know what constitutes proper
22   impeachment of a witness?
23              THE DEFENDANT:  I will remain silent.
24              THE COURT:  Do you know when character evidence is
25   appropriate and when it is not appropriate?
```

```
 1              THE DEFENDANT:  Counsel has advised me to remain
 2   silent.
 3              THE COURT:  Do you know when and how to make proper
 4   objections?
 5              THE DEFENDANT:  Counsel has advised me to remain
 6   silent.
 7              THE COURT:  What counsel is that?
 8              THE DEFENDANT:  My counsel.
 9              THE COURT:  Yourself?
10              THE DEFENDANT:  I remain silent on that question,
11   Your Honor.
12              THE COURT:  When you say counsel, are you referring to
13   Ms. Kay, who is seated to your right?
14              THE DEFENDANT:  No, ma'am.
15              THE COURT:  Do you know when and how to move for a
16   judgment of acquittal?
17              THE DEFENDANT:  I am remaining silent.
18              THE COURT:  Do you know what a motion for judgment of
19   acquittal is?
20              THE DEFENDANT:  Counsel has told me to remain silent
21   on that question.
22              THE COURT:  Do you understand that the failure to
23   properly move for a judgment of acquittal may result in a
24   waiver?
25              THE DEFENDANT:  I will remain silent.
```

```
 1              THE COURT:  Do you know how to proffer evidence to
 2   protect your record for appeal?
 3              THE DEFENDANT:  I will remain silent on that.
 4              THE COURT:  Are you familiar with the motion for
 5   mistrial?
 6              THE DEFENDANT:  I will remain silent on that question,
 7   Your Honor.
 8              THE COURT:  Do you know the proper grounds for a
 9   mistrial?
10              THE DEFENDANT:  I will remain silent on that question.
11              THE COURT:  Are you aware that the failure to timely
12   move for a mistrial may waive crucial mistakes made by the
13   Government or by myself?
14              THE DEFENDANT:  Counsel has advised me to remain
15   silent.
16              THE COURT:  Do you know how to request and object to
17   jury instructions?
18              THE DEFENDANT:  I must remain silent.
19              THE COURT:  Has anyone threatened you if you either
20   hire a lawyer or accept one that is appointed by the Court?
21              THE DEFENDANT:  I will remain silent on that.
22              THE COURT:  Can you read the English language?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  Do you understand that a lawyer knows how
25   to work with the Government at negotiating your case to try to
```

```
 1   achieve the best result for you short of trial?
 2           THE DEFENDANT:  I will remain silent on that question.
 3           THE COURT:  Do you understand that a lawyer knows how
 4   to bargain with the Government and seek better terms for you in
 5   resolving this criminal case?
 6           THE DEFENDANT:  I'm counseled to remain silent on that
 7   question.
 8           THE COURT:  Mr. Grenon, shall I appoint a lawyer to
 9   represent you?
10           THE DEFENDANT:  I do not wish or agree to seek to be
11   forced counsel that I do not choose.
12           THE COURT:  And do you wish the opportunity to choose
13   an attorney to represent you?
14           THE DEFENDANT:  I will remain silent.
15           THE COURT:  Having been advised of your right to an
16   attorney, the advantages of having an attorney, the
17   disadvantages of proceeding without an attorney, the nature of
18   the charges against you, are you sure, Mr. Grenon, that you do
19   not want me to appoint a lawyer to represent you?
20           THE DEFENDANT:  I do not wish or agree to seek or be
21   forced counsel that I do not choose.
22           THE COURT:  You understand you have the right to
23   choose your lawyer?
24           THE DEFENDANT:  I do not wish or agree to seek or be
25   forced counsel that I do not choose.
```

```
 1              THE COURT:  Correct.  I'm following along with that --
 2              THE DEFENDANT:  Sorry.
 3              THE COURT:  Following along with that statement, you
 4   understand you have the right to choose a lawyer and retain a
 5   lawyer of your choosing?
 6              THE DEFENDANT:  And I refuse.
 7              THE COURT:  So, Mr. Grenon, I must advise you that, in
 8   my opinion, you would be far better defended by -- defended by
 9   a trained lawyer than you can defend yourself.  I think it is
10   unwise of you to try to represent yourself.  You are not
11   familiar with the law, you are not familiar with court
12   procedure.  You are not familiar with the Federal Rules of
13   Evidence, you are not familiar with the Federal Rules of
14   Criminal Procedure.  I would strongly urge you not to try to
15   represent yourself.
16              In light of the penalties that you may suffer if you
17   are found guilty, and in light of all of the difficulties of
18   representing yourself, is it still your desire to represent
19   yourself and give up your right to be represented by a lawyer?
20              THE DEFENDANT:  I'm *sui juris* of one's own rights.  I
21   do not wish or agree to seek or be forced counsel that I do not
22   choose, so I will refuse.
23              THE COURT:  Except let me repeat again.  You are not
24   being forced to accept a lawyer not of your choosing.  You have
25   the right to select your own lawyer.  Do you understand that?
```

```
 1            THE DEFENDANT:  And I refuse.
 2            THE COURT:  You refuse.
 3            Is this decision entirely voluntary on your part?
 4            THE DEFENDANT:  Yes, Your Honor.
 5            THE COURT:  I find that the Defendant has knowingly
 6   and voluntarily waived the right to counsel.  I will therefore
 7   permit Mr. Grenon to represent himself.
 8            I will ask, Ms. Kay, that you remain as standby
 9   counsel.
10            Are there any questions?
11            Any questions from the Government?
12            MR. HOMER:  No, Your Honor.  Thank you.
13            THE COURT:  Any areas I did not explore?
14            MR. HOMER:  No, Your Honor.  Thank you.
15            THE COURT:  Mr. Grenon, any questions?
16            THE DEFENDANT:  No, Your Honor.  Thank you.
17            THE COURT:  Thank you.
18            Ms. Kay, thank you very much.
19            MS. KAY:  Thank you, Your Honor.
20            THE COURT:  You all have a good day.
21            MS. KAY:  You too.
22            COURT SECURITY OFFICER:  All rise.
23        (The proceedings adjourned at 11:51 a.m.)
24
25
```

# C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

_05/11/2024_   *(signature)* Stephanie A. McCarn
   DATE
              **STEPHANIE A. McCARN, RPR**
              Official United States Court Reporter
              400 North Miami Avenue, Twelfth Floor
              Miami, Florida 33128
              (305) 523-5518